UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| AARON GOODMAN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>The VILLAGE OF BOLINGBROOK, )<br>Illinois, a municipal corporation, and )<br>Bolingbrook Police Officers KEEDY #1170, )<br>MORANDA #1159, BUITRON #1162, and )<br>Sergeant KISKA #937, )<br>)<br>Defendants. ) | Case No.: 11 CV 6750<br><br>JUDGE:<br><br>MAGISTRATE:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, AARON GOODMAN, by and through his attorneys, The Hamilton Law Office, LLC, and The Law Office of Thomas P. Needham, makes the following complaint against the VILLAGE OF BOLINGBROOK ("Defendant Village"), and Defendant Bolingbrook Police Officers KEEDY, MORANDA, BUITRON and KISKA ("Defendant Officers"):

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution as well as under Illinois common law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

## PARTIES

4. Plaintiff is a thirty-year-old resident of River Grove, Illinois.

5. At all relevant times, Defendant Officers are or were Bolingbrook police officers, employed by Defendant Village, acting within the scope of their employment, and under color of law.

1

6. Defendant Village is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

## FACTS

7. At the time of the incident, Plaintiff was living in an apartment Bolingbrook with his fiancé, and their three-year old son, and working in downtown Chicago at an insurance company.

8. On September 26, 2009, Plaintiff was at home with his family when Defendant Officers came into his apartment building.

9. When Plaintiff stepped outside of his apartment, one or more Defendant attempted to physically grab him.

10. Defendant Officers then severely beat Plaintiff in the hallway of his apartment building with their with fists and their batons, and tasered him twice. Defendant Officers caused Plaintiff to suffer severe pain and extensive bleeding from several lacerations.

11. Plaintiff was taken via an ambulance from his apartment building to a local hospital where several staples and stitches were required to close his wounds.

12. Defendant Officers caused Plaintiff to be falsely charged with felony and misdemeanor criminal offenses.

13. Plaintiff had to hire a criminal defense attorney to represent him on the false charges Defendant Officers placed against him.

14. Plaintiff was not able to bond out and remained in custody for approximately two weeks.

15. Plaintiff and his fiancé and their small son were evicted from their apartment as a result of Defendant Officers' actions and Plaintiff's false arrest that night.

16. Plaintiff's criminal case has now been pending for two years. Plaintiff has missed several days of work as a result of the false charges Defendant Officers placed against him, both during his original incarceration and since then when he has had to attend court.

17. Because he is not guilty of the false charges Defendants placed against him, Plaintiff should prevail at his criminal trial and to have the charges terminated in his favor, in a manner indicative of his innocence.

18. The beating Plaintiff received at the hands of Defendant Officers caused Plaintiff great pain and suffering and the false charges they placed against him have caused much emotional anxiety as he worries about being convicted for a felony offense he did not commit.

### Count I – 42 U.S.C. § 1983 False Arrest

19. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

20. As more fully described above, Defendant Officers arrested Plaintiff without a warrant, probable cause, or any other legal justification to do so, in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

21. Each Defendant Officer had a reasonable opportunity to intervene to prevent Plaintiff's false arrest, but failed to do so.

22. As a direct and proximate result of this false arrest, Plaintiff suffered damages, including physical and emotional damages, which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count II – 42 U.S.C. § 1983 Excessive Force

23. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

24. As more fully described in the preceding paragraphs, the intentional conduct of Defendant Officers toward Plaintiff was objectively unreasonable under the circumstances, and thus constituted excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

25. Each Defendant Officer had a reasonable opportunity to intervene to prevent the excessive use of force by his fellow officer, but failed to do so.

26. As a direct and proximate result of Defendant Officers' use of excessive force, Plaintiff suffered physical and emotional damages which will be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Officers in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, plus a substantial sum in punitive damages, as well as costs, attorney's fees, and such other relief as is just and equitable.

### Count III – Illinois State Law Malicious Prosecution/Indemnification by Village

27. Plaintiff re-alleges the preceding paragraphs as if fully restated here.

28. Defendant Officers willfully and wantonly initiated legal proceedings against Plaintiff, and/or caused these legal proceedings to continue against him, without probable cause to do so.

29. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant Officers created false and/or inaccurate police reports and/or made false statements to the prosecutor.

30. The legal proceedings against Plaintiff will be terminated in his favor, in a manner indicative of innocence.

31. As a direct and proximate result of Defendant Officers' malicious prosecution, Plaintiff has suffered, and continues to suffer, emotional and financial damages as described in preceding paragraphs, and which will be proven at trial.

32. Illinois law provides that public entities, such as Defendant Village, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

33. At all relevant times, Defendant Officers were agents of Defendant Village, and acting within the scope of their employment as Chicago police officers. Defendant Village, therefore, is liable as principal for the torts Defendant Officers committed against Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment against Defendants in a fair and just amount sufficient to compensate Plaintiff for the injuries he has suffered, as well as such other relief that is just and equitable.

**Plaintiff demands a trial by jury.**

AARON GOODMAN, Plaintiff.

By: /s/ Torreya L. Hamilton
 Attorney for Plaintiffs

HAMILTON LAW OFFICE, LLC
11 South LaSalle St., Suite 1000
Chicago, IL 60603
312.726.3173
Attorney No. 6229397

By: /s/ Thomas P. Needham
 Attorney for Plaintiffs

LAW OFFICE OF THOMAS P. NEEDHAM
11 South LaSalle Street, Suite 1000
Chicago, IL 60603
312.726.3171
Attorney No. 6188722